UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| DARRYL FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:12-cv-35 |
| | ) | |
| FAITH GRAHAM, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION and ORDER**

Darryl Ferguson, a *pro se* plaintiff, has filed a "Complaint" seeking relief under 42 U.S.C. § 1983 [DE 1] along with a Motion for Leave to Proceed *In Forma Pauperis* [DE 2]. As explained below, however, Ferguson's Complaint does not state a cognizable claim upon which relief could be granted. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Ferguson's Motion will be denied and his Complaint will be dismissed.

**BACKGROUND**

Defendant Faith Graham is an Indiana State Court judge in Lafayette, Indiana. Ferguson's Complaint states three causes of action against her. First, he alleges that at an April 11, 2012 contempt hearing Judge Graham refused to let him present evidence and found him "guilty." It is unclear what Ferguson was found guilty of, but he believes Graham's actions violated his Sixth and Fourteenth Amendments rights. Second, he alleges: "There was a new custody order early in 2011 with no modification of child support. I filed for modification of support in August 2011. I still have not had hearing. Custody Order was 50/50 time with each parent." [DE 1 at 2.] Lastly, he alleges that Judge Graham "is sentencing me to jail without

1

proper procedure. There is no professional conduct in my horrible experience in Tippicanoe [*sic*] court house."

That's the full extent of the allegations in Ferguson's Complaint. From this, it's hard to know exactly what has happened, but it is clear that Ferguson is generally unhappy with the treatment he has received from Judge Graham in a family-law dispute involving custody of his child.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, Ferguson's filings sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end there, however. The Court must also determine whether the complaint states a claim for relief. District courts have the power under 28 U.S.C. §

1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Ferguson's allegations do not state a plausible claim for relief. All three of his causes of action are against a state court judge for the decisions issued in state court, and, under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review or reverse orders issued in a state court case. *See Martin v. Heuer*, 2012 WL 1862325, at *1 (7th Cir. 2012) (affirming dismissal of *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) because "Martin's claims against Judges Laur and Heuer amount to attacks on the state-court judgment against Martin, and the district court correctly concluded that it lacked jurisdiction over those claims under *Rooker–Feldman*"); *Alexander v. Washington*, 170 Fed. Appx. 429 (7th Cir. 2006) (same); *Lewis v. Anderson*, 308 F.3d 768, 771-72 (7th Cir. 2002) (under the *Rooker-Feldman* doctrine "lower federal courts do not have jurisdiction to conduct direct review of state court decisions"). Furthermore, Ferguson cannot sue a state court judge for the decisions she issued because a judge is entitled to absolute immunity for judicial acts performed in matters within her jurisdiction. *See Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). If a state judge errs, "a

3

party's remedy is through appellate process," not through a suit against the judge. *Id.* at 661. Accordingly, Ferguson has stated no actionable claim for relief against Judge Graham.

## CONCLUSION

For the foregoing reasons, Ferguson's Motion for Leave to Proceed *In Forma Pauperis* [DE 2] is **DENIED**, and his Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

Entered: June 14, 2012.

                                                  s/ Philip P. Simon
                                                  PHILIP P. SIMON, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT